542 January 31, 2024 No. 71

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of N. R. C.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

N. R. C.,
*Appellant.*

Washington County Circuit Court
16JU07660, J150368; A178766 (Control), A178902, A178903

Michele C. Rini, Judge.

Submitted December 13, 2023.

Christa Obold Eshleman and Youth, Rights & Justice filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In 2015 and 2017, youth was adjudicated delinquent for engaging in conduct that would constitute attempted first-degree sexual abuse and first-degree sodomy if committed by an adult, and, in 2022, the court ordered youth to register as a sex offender. In this consolidated appeal, youth raises a single assignment of error, challenging the court's ruling on sex-offender registration. Youth contends that he met his burden under ORS 163A.030 to prove by clear and convincing evidence that he is rehabilitated and does not pose a public safety threat.

In light of existing case law, including the Supreme Court's recent decision in *State v. A. R. H.*, 371 Or 82, 530 P3d 897 (2023), we reject youth's argument. Whether a youth meets the standard in ORS 163A.030 "is a factual inquiry," and appellate review is limited to assessing whether the record "*permitted* the juvenile court to find" as it did.[1] *Id.* at 84 (emphasis added). We cannot say on this record that the only permissible finding was one in youth's favor. Further, we are unpersuaded that the juvenile court misunderstood its task under ORS 163A.030. The question of rehabilitation necessarily requires a present assessment, but the statute allows consideration of a variety of factors, and "no particular factors [are] entitled to greater weight." *Id.* at 98. Although we recognize the substantial progress that youth has made, the juvenile court did not commit reversible error.

Affirmed.

---

[1] Youth has not requested, and we are not providing, *de novo* review. *See A. R. H.*, 371 Or at 96 n 6 (recognizing availability of discretionary *de novo* review); ORAP 5.40(8) (allowing for request, which will be granted only in "exceptional cases").